(634 P.2d 1132)
No. 52,191

STANLEY R. JUHNKE, Guardian and Conservator for MYRTLE J. STRONG, an Incapacitated Person, *Appellant,* v. EVANGELICAL LUTHERAN GOOD SAMARITAN SOCIETY, d/b/a HUTCHINSON GOOD SAMARITAN CENTER, *Appellee.*

Opinion filed October 9, 1981.

*Robert L. Taylor,* of Hutchinson, for the appellant.

*Michael R. O'Neal,* of Hodge, Reynolds, Smith, Peirce & Forker, of Hutchinson, for the appellee.

Before ABBOTT, P.J., PARKS and SWINEHART, JJ.

SWINEHART, J.: This is an appeal from a judgment in a personal injury action by the guardian and conservator of Myrtle J. Strong against the Hutchinson Good Samaritan Center, a nursing home. Strong was a patient at the defendant nursing home, and her petition alleged that the home was negligent in failing to exercise ordinary care to protect her from assault and injury by a fellow

patient. At the close of plaintiff's evidence, in which no expert testimony was presented, the trial court sustained defendant's motion for a directed verdict, stating that plaintiff had not shown a standard of care for a nursing home and a deviation from that standard. Plaintiff's post-trial motions were subsequently overruled. Plaintiff appeals.

Plaintiff alleges the following grounds for appeal. (1) The trial court erred in failing to schedule a pretrial conference at the request of plaintiff for the purpose of deciding legal issues which affected the proof necessary in the proceeding. (2) The trial court erred, and plaintiff was prejudiced and denied a fair trial, by not implementing the pretrial order of the previous trial judge who had obligated himself to decide, prior to trial, the issues of law which concerned the proof that would be necessary for plaintiff to prove her case. (3) The trial court erred, as a matter of law, by not deciding the issues of law which concerned the proof prior to trial, as requested by a party. (4) Such actions or failure to act by the trial court denied plaintiff due process of law. (5) The trial court erred in directing a verdict for defendant. (6) Plaintiff's proof was sufficient to establish a prima facie case of actionable negligence when general principles of tort law are applied to the evidence presented. (7) The trial court erred in requiring plaintiff to show a special duty and standard of care in order to present a case of actionable negligence against defendant. (8) The trial court erred by requiring plaintiff to establish this standard of care for defendant and a deviation therefrom with expert testimony. (9) The trial court erred and abused its discretion in precluding testimony of witnesses subpoenaed by plaintiff solely on the basis that the witnesses were not listed in the pretrial order, absent a demonstration of prejudice to defendant. (10) The trial court erred in quashing subpoenas of plaintiff's witnesses on its own motion, thereby precluding the use of such witnesses to proffer testimony on behalf of plaintiff.

Myrtle J. Strong was admitted to the Hutchinson Good Samaritan Center on or about January 15, 1976. The evidence indicates that at that time she was in good health and able to walk freely with the aid of a cane. Defendant's records, which were admitted into evidence, indicate that on June 18, 1976, Strong was pushed by another patient, and as a result Strong fell to the floor and was subsequently taken by ambulance to a hospital. As a result of this

fall, Strong sustained serious injuries. Defendant's records further show that the other patient had been admitted to the home on November 25, 1973. The admission records reveal that defendant was put on notice that the other patient was suffering from progressive mental deterioration which had existed for over a year. Evidence was presented which indicated that the other patient's mental condition continued to deteriorate, that her behavior generally was very belligerent, and that she wandered around the nursing home and in the rooms of other patients, pushing, tripping and hurting others. The evidence also reveals that defendant had knowledge of this behavior.

The preceding summary basically constitutes the evidence which was presented by plaintiff in her case in chief.

Numerous procedural problems developed during the time this case was on file, which resulted in some procedural confusion for both parties in their preparation for trial.

On December 5, 1978, a pretrial conference was held before the trial judge and a pretrial order was entered and filed. The pretrial order left unresolved the issue of the applicable standard of care for a nursing home under the circumstances of this case, and more specifically, whether plaintiff would be required to present expert testimony to establish that standard of care. The trial court ordered both counsel to submit briefs on this issue, but did not commit itself to deciding the issue prior to trial.

Subsequent to the pretrial conference and submission of the briefs, the trial judge retired and was replaced. To add to the confusion, plaintiff changed attorneys subsequent to the pretrial conference, and her present counsel entered the case shortly before trial. This series of events left the issue of proof, which was left unresolved in the pretrial order, still unanswered at the time of trial. Plaintiff's counsel called this problem to the court's attention, but the new trial judge chose not to decide the issue prior to the commencement of the proceedings.

In preparation for trial, plaintiff subpoenaed several witnesses to testify concerning the standards that are required by the State of Kansas for the operation of nursing homes and the alleged deviation from such standards by defendant. Most of these witnesses were not listed, however, on the pretrial order or correspondence with defendant in connection with the pretrial order. Prior to these witnesses being called, the trial court quashed the

subpoenas and did not permit plaintiff to use those witnesses whose names had not been supplied to opposing counsel in compliance with the pretrial order. Plaintiff alleges error resulted from these evidentiary rulings.

The first four allegations of error raised by plaintiff concern the issues of law which were left unanswered in the pretrial order. The basic question is whether it was error to proceed with the trial without first resolving the issue of the applicable standard of care for nursing homes, and whether expert testimony would be necessary to prove the standard and a deviation therefrom.

Plaintiff contends that K.S.A. 60-216 requires the trial court to hold a pretrial conference upon request of either party. That statute reads:

"In any action, the court shall on the request of either party, or may in its discretion without such request, direct the attorneys for the parties to appear before it for a conference . . . ."

Plaintiff contends that a second pretrial conference was required since the first trial judge obligated himself to decide the issue of the proper standard of care for a nursing home prior to trial. A review of the record reveals that the pretrial order does not specifically indicate that the trial court would make a decision on this issue prior to the commencement of the trial. Under the facts of this case, it is our determination that the failure of the trial court to hold a second pretrial conference and to resolve the issue of proper standard of care was not an abuse of discretion. The primary purpose of K.S.A. 60-216 is to establish the legal issues that will be tried during the course of the trial and to resolve as many questions as possible at that time.

As a practical matter, many issues of law should not be decided until such time as some evidence has been presented which would give the trial court a basis upon which to rule. We find that the guidelines which were presented in *Tillotson v. Abbott,* 205 Kan. 706, 709, 472 P.2d 240 (1970), have been met, since the parties to this action were notified in advance of trial of each other's factual contentions as to matters in dispute. We find that plaintiff was not prejudiced by the lack of a second pretrial conference, and the failure to resolve the remaining legal issues did not prevent plaintiff from adequately preparing her case on the issue of what standard of care was applicable.

Plaintiff's next four allegations of error concern the directed

verdict which was entered against her. The central issue is whether the trial court erred when it ruled that plaintiff had failed to establish a standard of care for defendant and a deviation therefrom with expert testimony.

As a general rule, the proprietors of a nursing home are under a duty to exercise reasonable care to avoid injuries to patients, and the reasonableness of such care is to be assessed in the light of the patient's physical and mental condition. 40 Am. Jur. 2d, Hospitals and Asylums § 36. Whether expert testimony is necessary to prove negligence is dependent on whether, under the facts of a particular case, the trier of fact would be able to understand, absent expert testimony, the nature of the standard of care required of defendant and the alleged deviation therefrom.

Under the facts of this case, we find that the trier of fact would have been fully capable of determining, without the aid of expert testimony, whether the defendant nursing home breached its duty to exercise reasonable care to avoid injury to the patient. We find that the common knowledge exception to a requirement of expert testimony as is set forth in *McKnight v. St. Francis Hosp. & School of Nursing,* 224 Kan. 632, 633, 585 P.2d 984 (1978), and *Webb v. Lungstrum,* 223 Kan. 487, Syl. ¶ 3, 575 P.2d 22 (1978), would apply under the facts of this case. The treatment and care of this patient was so obviously lacking in reasonable care and had such serious consequences that the lack of reasonable care would have been apparent to and within the common knowledge and experience of mankind in general. Under the facts of this case, we find that testimony by an expert witness to establish the standard of care prevailing among nursing homes in like situations was not necessary to prove negligence. The primary purpose of expert testimony is to establish the community standards for the benefit of the trier of fact when the facts are somewhat alien in terminology and the technological complexities would preclude an ordinary trier of fact from rendering an intelligent judgment. See *Seaman U.S.D. No. 345 v. Casson Constr. Co.,* 3 Kan. App. 2d 289, 293, 594 P.2d 241 (1979).

In ruling on the directed verdict, the trial court found that evidence was presented which could support plaintiff's allegations that Strong was injured while at the defendant nursing home, that the injury was a result of another patient's activities toward her, that the defendant nursing home had knowledge of

the propensity of the other patient to conduct herself in a belligerent and violent fashion prior to this incident, and that the injuries to Strong were the result of the fall she sustained as a consequence of the pushing incident. Upon a review of the record, we concur with the trial court's findings, and therefore hold that plaintiff met her burden of proof in establishing the breach of duty under the facts and circumstances of this case, and the ruling of the trial court requiring the use of expert testimony to establish the standard of care in the community in like facilities was error. This case is therefore reversed and remanded for a new trial.

The final issues raised by plaintiff concern the trial court's quashing of subpoenas on several of the plaintiff's witnesses who were not listed in the pretrial order. It is apparent from the record that plaintiff failed to give defendant an opportunity to examine these witnesses prior to trial as she failed to disclose their names and addresses. We hold that the trial court did not err in quashing those subpoenas and refusing to allow those witnesses to testify. This did not result in prejudice to plaintiff in presenting her case.

The failure of the trial court to allow plaintiff to proffer testimony concerning the applicability of licensure and certification regulations to defendant's facilities was likewise not error. The refusal of the trial court to permit such testimony was correct since plaintiff was endeavoring to prove an issue which was not covered by the pretrial order through this kind of testimony. The trial court, therefore, could property restrict such testimony. We do not hold, however, that upon remand and retrial, with proper preparation, that such testimony would not be admissible in evidence if plaintiff chooses to proceed in that fashion.

Reversed and remanded with directions to grant a new trial in accordance with this decision.