(990 P.2d 159)

No. 80,689

BI-STATE DEVELOPMENT COMPANY, INC., *Appellant,* v. SHAFER, KLINE & WARREN, INC., *Appellee.*

Opinion filed October 1, 1999.

*Bruce W. Beye,* of Overland Park, for appellant.

*Rod L. Richardson* and *Jeffrey J. Carey,* of Wallace, Saunders, Austin, Brown & Enochs, Chtd., of Overland Park, for appellee.

Before ELLIOTT, P.J., MARQUARDT, J., and J. MICHAEL SMITH, District Judge, assigned.

MARQUARDT, J.: Bi-State Development Company (Bi-State) appeals the district court's granting of summary judgment to Shafer, Kline, & Warren, Inc. (SKW).

By letter agreement dated March 4, 1986, SKW prepared a real estate plat for Bi-State's business park showing an easement to Panhandle Eastern Pipeline Company, Inc. (Panhandle). The plat was presented to and approved by the Planning Commission of the City of Leawood, Kansas, on April 22, 1986, and the Leawood City Council on May 5, 1986.

Panhandle prepared its own rendition of the easement which John A. Meier, an agent of Bi-State, executed and subsequently filed with the Johnson County Register of Deeds on June 10, 1986. This document described an easement in a different location than was shown in the plat prepared by SKW. Bi-State did not give a copy of the filed easement to SKW. Thus, SKW was not able to review the location of the easement to determine if it conformed to its plat.

Bi-State discovered the difference of the easement location in the summer of 1995, when a portion of the real estate was sold. On December 24, 1996, Bi-State filed a breach of contract suit against SKW. SKW filed a motion to dismiss and/or motion for judgment on the pleadings and argued that Bi-State's claim for breach of contract was barred by the statute of limitations. Bi-State responded to SKW's motion to dismiss and abandoned its claim for breach of contract and elected to proceed against SKW on the theory of professional negligence.

The district court treated Bi-State's motion to dismiss as a motion for summary judgment and ruled in SKW's favor. The district court found that (1) Bi-State did not meet the burden of furnishing

independent evidence sufficient to establish the professional standard of care allegedly breached and (2) the statute of limitations had expired; it also determined that it would not imply a professional duty. Bi-State filed a motion to reconsider and offered a copy of a document which stated the release and indemnity executed by Bi-State was not a release of SKW's professional responsibility. Bi-State's motion to reconsider was denied.

When the issue on appeal is whether the trial court correctly granted summary judgment, an appellate court should read the record in the light most favorable to the party against whom summary judgment was entered. *Moore v. Associated Material & Supply Co.*, 263 Kan. 226, 234, 948 P.2d 652 (1997). A party opposing a summary judgment may not rest merely on allegations, but must provide some affirmative evidence to support its position. K.S.A. 1998 Supp. 60-256(e). See *Jarboe v. Board of Sedgwick County Comm'rs*, 262 Kan. 615, 622, 938 P.2d 1293 (1997).

### Professional Negligence

In responding to SKW's motion to dismiss, Bi-State alleges that its "claim is properly brought for professional negligence under [K.S.A. 1998 Supp.] 60-513 and under the terms of the contract."

The district court asked whether Bi-State could provide independent evidence from engineers or other experts which would have made SKW aware of the easement and would have created a duty on the part of SKW. Bi-State replied that it could not. Notwithstanding the fact that Bi-State could not present any evidence to support its assertion, it stated that SKW had a duty and professional responsibility to review the easement.

In order to maintain a cause of action in negligence, Bi-State needs to establish a duty, a breach of the duty, that injury resulted from the breach, and that the breach proximately caused the injury. See *Davey v. Hedden*, 260 Kan. 413, 426, 920 P.2d 420 (1996). Bi-State argues that the release and indemnity agreement establishes a duty. The agreement states that SKW is not released from professional duties; however, it does not establish a standard of care or state what SKW's duties are in relation to the agreement.

Expert testimony is often required to establish the standard of care in cases involving professional actions and whether the professional deviated from the standard of care. See *McConwell v. FMG of Kansas City, Inc.*, 18 Kan. App. 2d 839, 847-48, 861 P.2d 830 (1993), *rev. denied* 254 Kan. 1077 (1994) (professional standard of attorney to communicate with client following verdict); *Seaman U.S.D. 345 v. Casson Constr. Co.*, 3 Kan. App. 2d 289, 293, 594 P.2d 241 (1979) (application of architectural community standard).

In *Crooks v. Greene*, 12 Kan. App. 2d 62, 66, 736 P. 2d 78 (1987), this court held: "If plaintiffs were wrong in their assertion that expert testimony was not needed, their claims failed for lack of evidence because they had not identified any expert testimony to support their claims." Bi-State's failure to supply independent evidence that established a duty results in a failure of Bi-State's claim of professional negligence unless the common knowledge exception is applicable.

The common knowledge exception to the requirement of expert testimony in a professional negligence claim does not apply when the matter is technically complicated. However, the common knowledge exception does apply when a layperson's common knowledge is sufficient to recognize a deviation from the accepted standard of care. See *Seaman*, 3 Kan. App. 2d at 293. We hold that the common knowledge exception is not applicable to the facts here.

### Statute of Limitations

Bi-State filed the easement with the register of deeds on June 10, 1986. Bi-State discovered the difference in the easements in the summer of 1995 and filed suit against SKW in December 1996. Bi-State claims it filed its cause of action within the 2-year statute of limitations because it commenced suit within 2 years of the date that the injury became reasonably ascertainable. See K.S.A. 1998 Supp. 60-513.

In *Knight v. Myers*, 12 Kan. App. 2d 469, 474, 748 P. 2d 896 (1988), this court held: "An injury is reasonably ascertainable when the plaintiff knew or could reasonably have been expected to know

of the alleged negligence." The term "reasonably ascertainable" carries with it an obligation to investigate available factual sources. See *Davidson v. Denning*, 259 Kan. 659, 678, 914 P.2d 936, (1996).

In *Goodwin v. City of Kansas City*, 244 Kan. 28, 766 P. 2d 177 (1988), a landowner was charged with violating the city zoning ordinances. The Kansas Supreme Court held that the landowner, who is charged with notice of the zoning ordinance, could not rely on the statements of a building inspector that differed from the ordinance. 244 Kan. at 33-34. Similarly, Bi-State cannot rely on SKW's representations on a plat drawn before Panhandle's easement was created and recorded.

Under K.S.A. 58-2222, every written, recorded, and certified instrument "shall, from the time of filing the same with the register of deeds for record, impart notice to all persons of the contents thereof." Since Bi-State's agent executed the document describing Panhandle's easement in a different location than on the plat previously prepared by SKW, Bi-State is charged with knowledge of the contents. Bi-State argues it is not an expert in reading easements; however, the statute charges notice to "all persons," not just experts.

Kansas courts charge parties with constructive notice of public records. In *Travis v. Glick*, 150 Kan. 132, 141, 91 P.2d 41 (1939), the Kansas Supreme Court held that a party charged with constructive notice cannot claim ignorance of public records in order to toll the statute of limitations. Similarly, subsequent purchasers are charged with constructive notice of the presence and contents of recorded interests in land, if sufficiently described, even when they were not a party to the conveyance and when the interest was not properly indexed by the register of deeds. *Luthi v. Evans*, 223 Kan. 622, 629, 576 P.2d 1064 (1978).

Bi-State executed the easement which became a public record on June 10, 1986. Its injury was reasonably ascertainable on June 10, 1986. The suit is barred by the statute of limitations. The motion for summary judgment was properly granted.

### *Statute of Repose*

The district court relied on the statute of limitations rather than

the statute of repose when making its ruling; however, appellee also addresses the statute of repose. Bi-State's cause of action arose in June 1986, but the case was not filed until December 1996. The statute of repose states: "[I]n no event shall an action be commenced more than 10 years beyond the time of the act giving rise to the cause of action." K.S.A. 1998 Supp. 60-513(b) (this provision has been reworded since 1986 but the effect here is unchanged). The act giving rise to substantial injury occurred more than 10 years before this suit was filed. Therefore, the action is barred by the statute of repose.

### Liability

Bi-State argues that liability was established by negligence per se. The distinction between "negligence" and "negligence per se" is the means and method of ascertainment. Negligence requires a determination by a factfinder from the evidence. Negligence per se results from violation of a specific law or ordinance; and the only determination for the factfinder is whether there was a commission or omission of a specific act prohibited or required. *Kerns v. G.A.C., Inc.*, 255 Kan. 264, 281, 875 P.2d 949 (1994). In the present case, no violation of a statute or ordinance is either alleged or proved. The district court did not err in finding no liability on the part of SKW. Bi-State's motion for summary judgment was properly denied.

Affirmed.