(19 P.3d 181)

No. 84,528

MIDWEST IRON & METAL, INC., *Appellant*, v. ZENOR ELECTRIC
COMPANY, INC., *Appellee*.

Opinion filed November 9, 2000.

*Hal D. Meltzer* and *Anne W. Schiavone*, of Baker, Sterchi, Cowden & Rice, L.L.C., of Overland Park, and *Gregory N. Pottorff*, of Turner & Boisseau, Chartered, of Overland Park, for appellant.

*Gregory S. Young* and *Timothy J. Finnerty*, of Wallace, Saunders, Austin, Brown & Enochs, Chtd., of Wichita, for appellee.

Before BRAZIL, C.J., KNUDSON, J., and PADDOCK, S.J.

PADDOCK, S.J.: Midwest Iron & Metal, Inc. (Midwest) appeals summary judgment granted Zenor Electric Company, Inc. (Zenor).

The trial court granted Zenor summary judgment on all of Midwest's claims because Midwest failed to establish a duty and breach of the professional standard of care. The trial court determined that Midwest had to present expert testimony to establish the standard of care required of Zenor, an electrical contractor, a requirement Midwest failed to meet. Midwest appealed. We affirm.

The rule establishing when summary judgment is appropriate has so often been stated by the appellate courts it is superfluous to repeat it here. A recent pronouncement of the rule can be found in *Bergstrom v. Noah*, 266 Kan. 847, 871-72, 974 P.2d 531 (1999).

During discovery, Midwest designated three expert witnesses who would be called to testify in its behalf. None of the designated experts testified as to Zenor's duty in providing services to Midwest or to the standard of care required of electrical contractors.

Midwest claims its damages were the result of a malfunction and fire in its shredder caused by Zenor installing improperly sized fuses and allowing an excessive build-up of metallic dust in the shredder's starter cabinet.

Midwest argues it should have escaped summary judgment because it established a standard of "ordinary care" or, in the alternative, the common knowledge exception would apply, which does not require expert testimony. We disagree.

" 'The primary purpose of expert testimony is to establish the community standards for the benefit of the trier of fact when the facts are somewhat alien in terminology and the technological complexities would preclude an ordinary trier of fact from rendering an intelligent judgment.' " *In re Estate of Maxedon*, 24 Kan. App. 2d 427, 436, 946 P.2d 104, *rev. denied* 263 Kan. 886 (1997) (quoting *Juhnke v. Evangelical Lutheran Good Samaritan Society*, 6 Kan. App. 2d 744, 748, 634 P.2d 1132 [1981]). "Expert testimony is often required to establish the standard of care in cases involving professional actions and whether the professional deviated from the standard of care." *Bi-State Dev. Co. Inc. v. Shafer, Kline & Warren Inc.*, 26 Kan. App. 2d 515, 518, 990 P.2d 159 (1999).

We have no hesitation in determining that the standard of care of the profession of electrical contractors is technical in nature and of such complexity as would require expert testimony. Midwest's failure to supply independent expert evidence that establishes a duty results in a failure of its claim of professional negligence unless the common knowledge exception is applicable. See *Bi-State*, 26 Kan. App. 2d at 518.

Before addressing the common knowledge exception, we must consider Midwest's argument that it was not required to designate

experts because Zenor's employees gave deposition testimony that established the applicable standard of care. This argument must fail. No suggestion was made by Midwest in pretrial discovery or under K.S.A. 1999 Supp. 60-226(b)(6)(A) that it intended to prove the standard of care or breach of the standard through Zenor's own employees. Zenor's attorney asked the right questions in pretrial discovery and should not have been left to speculate what testimony Midwest would rely upon to establish the applicable standard of care. In any event, Zenor's employees did not give evidence as to the standard of care and whether that standard was breached. For these reasons, Midwest's argument is without legal merit.

The common knowledge exception applies where a layperson's common knowledge is sufficient to recognize a deviation from the accepted standard of care. 26 Kan. App. 2d at 518. In the instant case, a layperson would be unable to determine if Zenor failed to install proper fusing, advise Midwest on the risks of using the electrical system installed by other contractors, and clean and maintain the electrical system.

One further issue is raised by Midwest on appeal. It claims the motion for summary judgment did not address its claim of breach of an implied warranty to perform the work in a workmanlike manner. Zenor's motion for summary judgment requested judgment on all issues. Midwest did not raise the claim of breach of an implied warranty in response to Zenor's motion or on its own motion to reconsider the grant of summary judgment. We will not consider an issue raised for the first time on appeal. See *Ripley v. Tolbert,* 260 Kan. 491, 513, 921 P.2d 1210 (1996).

Affirmed.