NOT DESIGNATED FOR PUBLICATION

No. 116,934

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MADONNA HOSKINSON,
*Appellant*,

v.

THELMA CLARENE "TOKE" HEIMAN,
*Appellee*.

MEMORANDUM OPINION

Appeal from Finney District Court; ROBERT J. FREDERICK, judge. Opinion filed November 9, 2017. Appeal dismissed in part and affirmed in part.

*Madonna Hoskinson*, appellant pro se.

*Michael E. Collins*, of Hope, Mills, Bolin, Collins & Ramsey, of Garden City, for appellee.

Before MCANANY, P.J., STANDRIDGE, J., and WALKER, S.J.

PER CURIAM:  Madonna Hoskinson (Madonna) sued Thelma Clarene "Toke" Heiman for outrage, alleging Heiman procured improper changes to Madonna's ex-husband's will. Madonna appeals the district court's order granting summary judgment to Heiman based on the statute of limitations. Because we lack jurisdiction on several of Madonna's issues, those appeals are dismissed. Because we find no error in the district court judge's granting of summary judgment, that decision is affirmed.

1

FACTS

Beginning in January 2006, Sherman Laverne Hoskinson (Laverne) employed Madonna as a caregiver for himself and his disabled dependent adult daughter, Janyth Hoskinson (Janyth). Madonna and Laverne married in August 2008. Three months later, on November 12, 2008, Heiman, Laverne's cousin, had him removed from his marital residence and placed in an assisted living facility. The next day, Heiman procured a power of attorney for Laverne and filed for his divorce from Madonna.

Madonna and Laverne's divorce was finalized one year later, on November 25, 2009. Madonna continued to be Janyth's caregiver. After the divorce, Heiman changed Laverne's last will and testament to exclude his daughter, Janyth.

The State subsequently charged Madonna with mistreatment of a dependent adult in case 10CR51, and she entered a diversion agreement.

Laverne died testate on April 18, 2013. His last will and testament was filed for probate on April 24, 2013. Janyth filed her answer to the petition for probate on May 14, 2013. The final settlement of Laverne's estate was filed on July 18, 2014. Janyth was not included in the final settlement of the estate.

On August 6, 2015, Madonna filed a pro se petition alleging Heiman interfered with Madonna's marriage. On January 22, 2016, Madonna, now represented by counsel, filed an amended petition. She alleged the tort of outrage based on Heiman's conduct in leaving her the "ongoing obligation for care needs of a disabled dependent adult family member without familial or financial support." She also alleged tortious interference with inheritance. Madonna sought no less than $50,000 for each claim.

On February 24, 2016, Heiman moved for judgment on the pleadings. Following argument, on July 26, 2016, the district court granted Heiman's motion for judgment on the pleadings with regard to tortious interference with inheritance but denied the motion with regard to the claim for outrage.

On August 30, 2016, Heiman moved for summary judgment based on the statute of limitations. On November 23, 2016, the district court found the statute of limitations ran two years from the date the petition for probate of Laverne's estate was filed or alternatively from the date Janyth filed her answer. It granted Heiman's motion for summary judgment based on the statute of limitations since Madonna's lawsuit was filed more than two years after Janyth filed her answer in the probate case. Madonna has appealed from the court's order granting summary judgment.

ANALYSIS

*Does this court have jurisdiction to consider all of Madonna's requests for relief?*

In her brief, Madonna raises numerous claims of error, only one of which is properly before us. Among other things, Madonna requests that we: vacate the district court's decision not to set aside the will in the probate case; vacate the divorce granted to Madonna and Laverne; vacate the criminal case in which she was granted diversion; and order Heiman to create a special needs trust for Janyth.

This court has no jurisdiction to grant the relief Madonna seeks in cases other than this tort action. Pursuant to K.S.A. 2016 Supp. 60-2103(a), an appeal must be brought within 30 days from the entry of judgment. According to Madonna's amended petition, the divorce case became final in 2009. Final settlement of Laverne's estate occurred in July 2014. Madonna needed to appeal the probate case and her divorce case within 30 days of the entry of those judgments. From the record before us, she did not. Both cases

became final more than a year before Madonna filed this tort action and more than two years before she filed her notice of appeal in this case. Since Madonna did not appeal the adverse decisions in the probate and divorce cases, we have no jurisdiction to entertain these claims for relief.

Similarly, pursuant to K.S.A. 2016 Supp. 22-3601(a), a defendant in a criminal case may appeal a district court's final judgment. However, a diversion agreement acts as a stay of the criminal proceedings; it is not a final judgment. See K.S.A. 2016 Supp. 22-2909(g). If a defendant successfully fulfills the obligations of a diversion agreement, the criminal charges are dismissed with prejudice. K.S.A. 2016 Supp. 22-2909(a). If the defendant fails to fulfill the diversion agreement, criminal proceedings resume. Here, Madonna signed a diversion agreement, which apparently still remains in effect. As such, there is no final judgment in the criminal case for her to appeal from, and thus we do not have jurisdiction to entertain Madonna's claims for relief in that case.

A further problem arises because Madonna did not raise these issues in her amended petition; she only alleged money damages for tortious interference with inheritance and outrage. In fact, Madonna's amended petition states: "Plaintiff's claim at [*sic*] tort of outrage does not seek to revisit the findings in Finney County District Court cases 08DM463, 08CV200 and 10CR51." Issues not raised before the district court cannot be raised on appeal. See *Wolfe Electric, Inc. v. Duckworth*, 293 Kan. 375, 403, 266 P.3d 516 (2011).

Madonna is not entitled to relief because she failed to timely file notices of appeal in each case during the statutory period, and she did not raise these issues in her amended petition. To the extent Madonna seeks an order vacating the district court's decision not to set aside the will in the probate case, setting aside the divorce granted to her and Laverne, and vacating proceedings in her diverted criminal case, her appeal is dismissed.

4

*Did the district court err when it found the statute of limitations barred Madonna's claim of outrage?*

Only one issue is properly before this court. Madonna briefly argues she did not become aware there would be no familial or financial support for Janyth's care—the basis for her claim of outrage—until final settlement of the estate on July 18, 2014. The district court granted summary judgment to Heiman based on Madonna's failure to bring her claim within the statute of limitations.

Heiman filed her motion for summary judgment and memorandum in support on August 30, 2016, alleging five uncontroverted facts regarding the statute of limitations. The trial court found that Madonna filed a response that included no statements of controverted or uncontroverted facts. The district court found the following material facts were uncontroverted:

> "b. The petition for probate of will and issuance of letters testamentary for the estate of Sherman Laverne Hoskinson, deceased, and the last will and testament of Sherman Laverne Hoskinson dated December 16, 2009, were filed with the Clerk of the District Court of Finney County, Kansas, under case number 13 PR 32 on April 24, 2013;
>
> "c. Janyth Hoskinson, daughter of Sherman Laverne Hoskinson, filed her answer in response to the petition for probate on May 14, 2013;
>
> "d. Plaintiff's petition in this case was filed on August 6, 2015, more than two years and two months after Janyth Hoskinson filed her answer in the probate proceeding for her father's estate; and
>
> "e. The act or acts giving rise to Plaintiff's alleged injury would clearly have been discoverable by Plaintiff not later than May 14, 2013, when Janyth Hoskinson filed her answer to the petition for probate, since the entire probate case is a matter of public record."

The burden is on the party making a claim to designate facts in the record to support that claim, and without such a record, the claim of error fails. *Friedman v.*

*Kansas State Bd. of Healing Arts*, 296 Kan. 636, 644, 294 P.3d 287 (2013). Here, the record only contains Heiman's memorandum supporting her motion for summary judgment; it does not contain either Heiman's motion for summary judgment or Madonna's response. The district court's order indicates these facts were uncontroverted. If, however, these facts were controverted, Madonna has failed to designate a record supporting the claim of error. Either way, for our purposes, these facts are uncontroverted. Where, as here, there is no factual dispute, appellate review of an order regarding summary judgment is de novo. *Martin v. Naik*, 297 Kan. 241, 246, 300 P.3d 625 (2013).

The tort of outrage is subject to a two-year statute of limitations. K.S.A. 60-513(a)(4). However, pursuant to K.S.A. 60-513(b):

> "[T]he causes of action listed in subsection (a) shall not be deemed to have accrued until the act giving rise to the cause of action first causes substantial injury, or, if the fact of injury is not reasonably ascertainable until some time after the initial act, then the period of limitation shall not commence until the fact of injury becomes reasonably ascertainable to the injured party."

Madonna contends she did not know there would be no familial or financial support for Janyth until final settlement of the estate on July 18, 2014. If her claim was not reasonably ascertainable until July 18, 2014, the statute of limitations would not have run until July 18, 2016, and her petition would be considered timely. However, Madonna bases her claim for the tort of outrage upon Heiman procuring changes to Laverne's will which excluded Janyth from all estate proceeds "leaving [Madonna], a senior citizen without income, with the ongoing obligation for care needs of a disabled dependent adult family member without familial or financial support." Therefore, at its heart, Madonna's claim relates to the creation of the last will and testament which disinherited Janyth, not the settlement of the estate. This occurred in 2009, and the will was filed with the district court on April 24, 2013.

6

The cause of action became reasonably ascertainable no later than April 24, 2013. Court records are generally open public records. *Stephens v. Van Arsdale*, 227 Kan. 676, 686, 608 P.2d 972 (1980). Parties are charged with constructive notice of public records and cannot claim ignorance of public records to toll the statute of limitations. *Bi-State Dev. Co., Inc. v. Shafer, Kline & Warren, Inc.*, 26 Kan. App. 2d 515, 519, 990 P.2d 159 (1999) (citing *Travis v. Glick*, 150 Kan. 132, 141, 91 P.3d 41 [1939]). The statute of limitations began running on April 24, 2013, when the will was filed with the district court. It expired two years later, on April 24, 2015. Since Madonna did not file her petition alleging outrage until August 2015, her claim is barred by the statute of limitations. The district court did not err is granting Heiman's motion for summary judgment.

Appeal dismissed in part and affirmed in part.