NOT DESIGNATED FOR PUBLICATION

No. 123,523

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ALVIN SIMON,
*Appellant*,

v.

BROWN-ATCHISON ELECTRIC COOPERATIVE ASSN., INC.,
*Appellee*.


MEMORANDUM OPINION

Appeal from Brown District Court; JAMES A. PATTON, judge. Opinion filed December 23, 2021.
Affirmed.

*Andrew E. Werring*, of Farris, Fresh, and Werring Law Office, LLC, of Atchison, for appellant.

*Gregory A. Lee* and *Danielle N. Davey*, of Sloan, Eisenbarth, Glassman, McEntire & Jarboe,
L.L.C., of Topeka, for appellee.


Before BRUNS, P.J., GREEN and ISHERWOOD, JJ.


PER CURIAM: Alvin Simon appeals the district court's award of summary
judgment to Brown-Atchison Electric Cooperative. He argues the district court erred
when it dismissed his claim for failure to designate an expert witness because, according
to Simon, an expert is not required. Following a thorough review of the issue presented,
we conclude summary judgment was appropriate because an expert witness was
necessary to resolve Simon's negligence claim. The decision of the district court is
affirmed.

1

Alvin Simon owns farmland in Brown County, just a few miles south of the Kansas-Nebraska border. Brown-Atchison, the local electricity provider, owned and maintained an overhead transmission line that ran through Simon's property. Under an agreement for electric service and membership, Simon granted Brown-Atchison permission to enter his farm to inspect and maintain its equipment.

On March 6, 2017, a tree branch on Simon's property blew into Brown-Atchison's power line and caused sparks to fall onto the grass below. A fire erupted and spread throughout Simon's property, resulting in damage to several pieces of his farm equipment, including a skid loader, a drill, automobiles, and a Case tractor.

Simon sued Brown-Atchison for the damages caused by the fire and alleged the company was negligent because it did not trim the tree limbs around its transmission lines. This, Simon argued, was a breach of Brown-Atchison's duty under *Cerretti v. Flint Hills Rural Electric Co-op Ass'n*, 251 Kan. 347, 354-55, 837 P.2d 330 (1992) ("'A distributor of electrical power has a duty to make frequent and careful inspections of its installations . . . and to eliminate hazardous conditions existing in such areas. Failure to do so constitutes negligence.'"). Brown-Atchison raised contributory negligence as an affirmative defense and alleged that Simon refused to allow its employees onto his property to trim the trees. According to Brown-Atchison's general manager, Jim Currie, the company's employees "pleaded with [Simon] to allow them to cut the tree limbs around the subject line, but [Simon] refused to allow Brown-Atchison to do so."

The district court held a case management and discovery conference and ordered both parties to designate expert witnesses and submit their written reports, Simon by March 29, 2019, and Brown-Atchison by April 30. Simon timely filed his preliminary witness and exhibit list but failed to include a designated expert. Brown-Atchison also

filed its witness and exhibit list, which designated Jim Currie as the company's expert witness.

Brown-Atchison moved for summary judgment. In support thereof it argued that because Simon failed to designate an expert witness, he could not prove the company breached the industry's standard of care. Simon responded and insisted that an industry expert was unnecessary because a jury could rely on its common knowledge to infer negligence from Brown-Atchison's failure to trim limbs around its transmission line. Brown-Atchison replied and argued that a trier of fact would not understand the relevant standard of care and Brown-Atchison's alleged deviation from such a standard without the benefit of expert testimony. Simon responded once more and asserted that the industry standard of care was irrelevant and, to the extent that it carried any relevancy, Brown-Atchison bore the burden to prove it satisfied that standard.

The district court conducted a hearing to announce its decision on Brown-Atchison's motion. In issuing its ruling, the court directed the parties to an extensive outline of Kansas cases which it believed suggested that, in cases involving electrical transmission lines, an expert must be called to establish the standard of care. Thus, since Simon failed to designate an expert, he could not sustain his burden to prove a breach occurred and it was appropriate to grant Brown-Atchison's summary judgment request.

Simon now brings the matter before us to resolve.

ANALYSIS

DID THE DISTRICT COURT ERR WHEN IT GRANTED SUMMARY JUDGMENT TO BROWN-ATCHISON AFTER SIMON TO DESIGNATE AN EXPERT WITNESS?

Simon argues the district court erred in granting Brown-Atchison's motion for summary judgment because an expert was unnecessary and a genuine issue of material

fact remained over whether Brown-Atchison was aware of a dangerous condition. The parties agree that our standard of review in summary judgment appeals is de novo. See *Martin v. Naik*, 297 Kan. 241, 246, 300 P.3d 625 (2013).

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The trial court must resolve all facts and inferences which may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. To avoid summary judgment, the adverse party must come forward with evidence to establish that a material fact is in dispute. *Becker v. The Bar Plan Mut. Ins. Co.*, 308 Kan. 1307, 1311, 429 P.3d 212 (2018).

*1. Was an expert necessary in this matter?*

To recover for negligence, a plaintiff must prove the existence of four familiar elements:  a duty, a breach of that duty, an injury, and a causal connection between the duty and the injury. *Yount v. Deibert*, 282 Kan. 619, 623-24, 147 P.3d 1065 (2006). Kansas courts are reluctant to draw inferences from fires because they occur often and, many times, result without negligence on the part of any party. 282 Kan. at 624.

Expert testimony is often required to establish the standard of care in cases involving professional actions. *Midwest Iron & Metal, Inc. v. Zenor Electric Co., Inc.*, 28 Kan. App. 2d 353, 354, 19 P.3d 181 (2000). When certain facts are somewhat alien in their terminology or technological complexities would preclude an ordinary trier of fact from rendering an intelligent judgment, parties must employ the use of experts to demonstrate their claim. See *Juhnke v. Evangelical Lutheran Good Samaritan Society*, 6 Kan. App. 2d 744, 748, 634 P.2d 1132 (1981). Thus, the district court properly found that Kansas courts routinely require expert witnesses in cases involving electrical

components. See, e.g., *Midwest Iron*, 28 Kan. App. 2d at 354 ("We have no hesitation in determining that the standard of care of the profession of electrical contractors is technical in nature and of such complexity as would require expert testimony."). In *Pape v. Kansas Power & Light Co.*, 231 Kan. 441, 445, 647 P.2d 320 (1982), a case involving the construction and maintenance of transmission lines, the Kansas Supreme Court held that expert testimony was required because the subject did not fall within a typical juror's common knowledge. In *Wilson v. Kansas Power & Light Co.*, 232 Kan. 506, 511, 657 P.2d 546 (1983), the Supreme Court observed that an electricity company's standard of care requires the company to perform its work "'consistent with the practical conduct of business under the known methods and present state of the particular art.'" These authorities suggest that a plaintiff must present expert testimony to establish an electricity company's duty of care. When Simon failed to designate an expert witness who could establish Brown-Atchison's duty of care, he could not prove the company's negligence.

*2. Can we consider Simon's allegation, raised for the first time on appeal, that Brown-Atchison had pre-fire notice of the danger?*

Simon argues he did not need an expert witness to prove the standard of care because he had placed Brown-Atchison on notice about the overhanging limbs. To that end, he seeks to analogize his case with *Mastin v. Kansas Power & Light Co.*, 10 Kan. App. 2d 620, 622-23, 706 P.2d 476 (1985). In *Mastin*, a farmer was injured when he drove his combine into a sagging power line, and he sued the power company for negligence. The district court granted summary judgment to the power company, but a panel of this court reversed the decision because the plaintiff presented evidence that the power company knew about the dangerous sag in the transmission line before the farmer's injury. 10 Kan. App. 2d at 623-34. Simon contends his case is similar because Brown-Atchison knew the tree branches needed to be trimmed before the fire even occurred, and since notice does not constitute a technical matter, expert testimony was not necessary in order to prove the company was negligent.

5

The primary problem with Simon's argument is his failure to ever present it to the district court for consideration. Rather, the petition he filed simply alleged that Brown-Atchison breached the duty of care "used by prudent persons engaged in the industry under like conditions and commensurate with the dangers involved to guard against contingencies which can be reasonably foreseen and anticipated." Issues not raised before the district court cannot be raised for the first time on appeal. *Wolfe Electric, Inc. v. Duckworth*, 293 Kan. 375, Syl. ¶ 9, 266 P.3d 516 (2011). Simon does not acknowledge his failure to raise this issue below or otherwise explain why it should be considered for the first time on appeal. As a result, we find Simon has waived or abandoned this argument. See Supreme Court Rule 6.02(a)(5) (2021 Kan. S. Ct. R. 35); *State v. Godfrey*, 301 Kan. 1041, 1044, 350 P.3d 1068 (2015) (holding that Rule 6.02[a][5] is to be strictly enforced).

### 3. Did a controversy of fact exist?

Simon also argues the district court erred in awarding summary judgment to Brown-Atchison because a controversy in fact existed. He points to the following two claims contained within the affidavit filed by Jim Currie, Brown-Atchison's expert, as support for his contention: (1) that Simon resisted Brown-Atchison's attempts to trim the tree limbs, and (2) that when Currie confronted Simon about his resistance, Simon claimed he never prohibited Brown-Atchison employees from entering his property. It is Simon's contention that this discrepancy between the two versions of events points to a disputed material fact that rendered summary judgment inappropriate.

This argument is unpersuasive. The conflicting claims that Currie recounted are not contradicted by any of Simon's evidence. So even though the affidavit signals that Simon disagreed with Currie's narrative, Simon never affirmatively pleaded contradictory facts that created a genuine controversy. Indeed, Simon amended his petition *after*

6

Brown-Atchison filed Currie's affidavit, but that amended version did not allege Currie was mistaken or lying about confronting Simon about his refusal to allow Brown-Atchison employees onto his property. Further, in Simon's response to Brown-Atchison's motion for summary judgment, he simply reiterated his argument that the company breached the industry's standard of care. He did not assert that it received notice of the danger. In short, Simon never presented his own evidence which gave rise to a disputed material fact. Thus, summary judgment was appropriate. See *Scott v. Hughes*, 294 Kan. 403, 411, 275 P.3d 890 (2012).

Simon's failure to designate an expert to establish the industry's standard of care resulted in a failure to present evidence of a breach of that standard. Thus, Simon failed to present a genuine issue of material fact. The district court properly granted summary judgment in favor of Brown-Atchison.

Affirmed.