CORRECTED

NOT DESIGNATED FOR PUBLICATION

No. 120,274

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JAMES MORRIS,
*Appellant*,

v.

KANEQUIP, INC.,
*Appellee*.


MEMORANDUM OPINION

Appeal from Ford District Court; E. LEIGH HOOD, judge. Opinion filed August 16, 2019. Affirmed in part, reversed in part, and remanded with directions.

*Robert A. Levy*, of Law Office of Robert A. Levy, of Garden City, for appellant.

*Janette C. Gaddie*, of Law Office of Pamela W. Brown, of Overland Park, for appellee.

Before ATCHESON, P.J., HILL and BUSER, JJ.


PER CURIAM: This is an appeal by plaintiff, James Morris, of the district court's order granting summary judgment in favor of the defendant, KanEquip, Inc. (KanEquip). Relevant to this appeal, Morris sued the dealership claiming negligence and breach of contract arising from the sale of a new tractor without the installation of four bushings on the shift rails as part of the transmission. KanEquip moved for summary judgment based on its assertion that the relevant statutes of limitations had expired on both claims prior to the filing of Morris' lawsuit. The district court agreed and granted summary judgment in favor of KanEquip. Morris appeals.

1

Upon our review, we reverse and remand for further proceedings with regard to the negligence claim. We affirm the grant of summary judgment in favor of KanEquip as to the breach of contract claim.

FACTUAL AND PROCEDURAL BACKGROUND

Morris purchased a new tractor from KanEquip on August 19, 2010. The tractor was sold with a two-year limited manufacturer's warranty. Over the years, KanEquip performed warranty and nonwarranty repairs and routine maintenance on the tractor numerous times. About six years after the purchase, in July 2016, Morris began having problems with the tractor's gears and transmission. Morris took the tractor to KanEquip for service and on November 28, 2016, KanEquip discovered that the transmission's shift rails were missing four bushings, apparently because the manufacturer never installed them. KanEquip notified Morris of its discovery by handwriting on the repair invoice.

Several months later, on August 1, 2017, Morris filed a petition alleging the tractor "was defective and then sold by [KanEquip]." Count One alleged the tort of negligence. As a result of KanEquip's negligence with regard to the missing bushings, Morris claimed that he had substantial repair costs, down time, and other damages in excess of $75,000. Count Two alleged that "[a]s a result of the defective product, [KanEquip] breached its contract with [Morris] and [Morris] is entitled to a recission of the contract and is entitled to a full refund of all monies paid by [Morris]." Count Three alleged a Kansas Consumer Protection Act (KCPA) claim.

In February 2018, the district court granted Morris leave to join the tractor manufacturer, Buhler Versatile Inc., as a defendant in the lawsuit. However, Morris never added the manufacturer as a party defendant.

2

On February 2, 2018, KanEquip filed a motion for summary judgment. With regard to the negligence claim, the dealership asserted the claim was barred by the statute of limitations and the economic loss doctrine. KanEquip also asserted the breach of contract and KCPA claims were barred by the statute of limitations.

After a hearing on the motion, the district court granted summary judgment in favor of KanEquip. The district court found the negligence claim in Count One was barred by a two-year statute of limitations under K.S.A. 60-513(a)(4), which lapsed on August 19, 2012. Of note, given this holding, in the journal entry the district court stated that it would not rule on whether this claim was also precluded by the economic loss doctrine.

With regard to Count Two, the district court found the breach of contract claim was barred by a four-year statute of limitations under K.S.A. 84-2-725, which lapsed on August 19, 2014, or a five-year statute of limitations for written contracts under K.S.A. 60-511(1), which lapsed on August 19, 2015. While the district court focused on language in the petition which referred to the sale of the new tractor on August 19, 2010, the district court observed that Morris' petition did not specify which contract Morris claimed was at issue.

With regard to Count Three pertaining to the KCPA violation, the district court found in favor of KanEquip because Morris did not allege any specific deceptive act which would constitute a potential viable cause of action.

Morris filed a motion to alter or amend the judgment, but the district court summarily denied the motion. Morris filed a timely notice of appeal.

3

We begin the analysis with our well known standard of review pertaining to summary judgment motions:

> """Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The trial court is required to resolve all facts and inferences which may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. When opposing a motion for summary judgment, an adverse party must come forward with evidence to establish a dispute as to a material fact. In order to preclude summary judgment, the facts subject to the dispute must be material to the conclusive issues in the case. On appeal, we apply the same rules and when we find reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment must be denied."' [Citation omitted.]" *Patterson v. Cowley County, Kansas*, 307 Kan. 616, 621, 413 P.3d 432 (2018).

Where there is no factual dispute, appellate review of an order regarding summary judgment is de novo. *Martin v. Naik*, 297 Kan. 241, 246, 300 P.3d 625 (2013). However, "[i]f 'reasonable minds could differ as to the conclusions drawn from the evidence'—in other words, if there is a genuine issue about a material fact—summary judgment should be denied. [Citation omitted.]" *Siruta v. Siruta*, 301 Kan. 757, 766, 348 P.3d 549 (2015).

Morris does not appeal the district court's adverse summary judgment ruling regarding Count Three—the KCPA claim. As a result, we will not review that judgment. We will, however, separately analyze the district court's summary judgment rulings on the remaining two claims which Morris does appeal.

The district court ruled that the applicable statute of limitations for the negligence claim was provided in K.S.A. 60-513(a)(4). That statute provides a two-year statute of limitations for "[a]n action for injury to the rights of another, not arising on contract, and not herein enumerated."

In granting summary judgment to KanEquip, the district court found that July 21, 2016, was "when [Morris] first complained to [KanEquip] about problems with the tractor's gear and transmission." Without explanation, the district court then concluded, "[Morris'] negligence cause of action is barred by the two-year statute of limitations set forth in K.S.A. 60-513(a)(4), which lapsed on August 19, 2012."

On appeal, Morris argues that the "two year statute of limitations is negated by K.S.A. 60-513(b)." K.S.A. 60-513(b) provides:

"[T]he causes of action listed in subsection (a) shall not be deemed to have accrued until the act giving rise to the cause of action first causes substantial injury, or, if the fact of injury is not reasonably ascertainable until sometime after the initial act, then the period of limitation shall not commence until the fact of injury becomes reasonably ascertainable to the injured party, but in no event shall an action be commenced more than 10 years beyond the time of the act giving rise to the cause of action."

Morris asserts his negligence claim is not barred by the applicable two-year statute of limitations because he was unaware of the defect in the tractor until several months before he filed his lawsuit. In his petition, Morris asserted:  "On or about November 28, 2016, . . . [Morris] was first informed and notified that the four required bushings for both shift rails were never installed." Moreover, in the "preface" to Morris' response to KanEquip's motion for summary judgment he stated:  "On or about November 28, 2016, KanEquip first discovered that four necessary shift fork bushings in the transmission

were '. . . never installed from factory.' [Morris] was never informed until then. At earliest, any injury/damage would have been clutch problems in July, 2016."

In short, Morris contends the two-year statute of limitations did not begin with his purchase of the tractor on August 19, 2010, but was tolled until he reasonably ascertained the injury on November 28, 2016, when KanEquip first informed him of the missing bushings. Under this tolling theory, the filing of Morris' petition, on August 1, 2017, was well within the two-year statute of limitations.

In ruling from the bench on KanEquip's motion for summary judgment, the district court initially did not discuss whether K.S.A. 60-513(b) was applicable under the facts and circumstances of the case. After the district court had ruled, Morris' counsel noted that in his briefing he had raised "the ten-year statute under 60-513." The district judge responded, "I don't believe it applies, Mr. Levy. I'm making that ruling." No explanation was given for this legal conclusion.

Morris reprised the K.S.A. 60-513(b) tolling argument in his motion to alter and/or amend judgment and/or reconsideration. The motion was summarily denied.

On appeal, KanEquip acknowledges Morris' lack of knowledge regarding the missing bushings when it responds that "[i]t is undisputed that in 2016, [Morris] and [KanEquip] both learned that 4 transmission bushings for shift fork rails were missing and apparently not installed when the 2010 tractor was manufactured." Additionally, KanEquip states that "[Morris] concedes, before 2016, he was not aware of any transmission problems, and before 2016, Appellee had performed only routine maintenance unrelated to the transmission."

In its appellate briefing, KanEquip does not address the tolling implications raised by K.S.A. 60-513(b), except to state that "during the summary judgment motion hearing,

6

the district court specifically ruled K.S.A. 60-513(b) did not apply to the negligence claim."

K.S.A. 60-513(b) states the statute of limitations in a tort action begins to run when the act first causes substantial injury. "Kansas courts have interpreted the phrase 'substantial injury' to mean 'actionable injury.' [Citation omitted]." *Michaelis v. Farrell*, 48 Kan. App. 2d 624, 630, 296 P.3d 439 (2013). Thus, the statute of limitations generally starts to run at the point at which the plaintiff could have first filed and prosecuted the claim to a successful conclusion. *LCL, LLC v. Falen*, 53 Kan. App. 2d 651, 660, 390 P.3d 571 (2017), a*ff'd* 308 Kan. 573, 422 P.3d 1166 (2018).

Of importance to this appeal, K.S.A. 60-513(b) provides a discoverability provision which tolls the statute of limitations until a point in time at which the injury was reasonably ascertainable. "'The rule which has developed is: The statute of limitations starts to run in a tort action at the time a negligent act causes injury if both the act and the resulting injury are reasonably ascertainable by the injured person.' [Citation omitted.]" *Michaelis*, 48 Kan. App. 2d at 630-31.

Kansas courts have provided guidance on the meaning of "reasonably ascertainable." "Inherent in 'to ascertain' is 'to investigate.'" *Davidson v. Denning,* 259 Kan. 659, 675, 914 P.2d 936 (1996). Further, reasonably ascertainable does not mean actual knowledge:

> "When reason exists to suspect a negligent act and when information exists from which
> negligence can be determined, the limitations period will start. In other words, 'Kansas'
> "fact of injury" standard postpones the running of the limitations period until the time the
> plaintiff is able to determine that [his or her] injury may be caused by some act of the
> defendant.' [Citations omitted.]" *Michaelis*, 48 Kan. App. 2d at 631.

Whether an injury was reasonably ascertainable is evaluated under an objective standard that takes into account all of the surrounding circumstances. *Falen*, 53 Kan. App. 2d at 664. "If examining the surrounding circumstances shows that the plaintiff clearly has knowledge of his or her injury and that the defendant was the likely cause, the trial court can make the legal determination that the injury was reasonably ascertainable at that point." *Michaelis*, 48 Kan. App. 2d at 631. However, if the evidence is in dispute as to when the substantial injury first appeared or became reasonably ascertainable, then the issue is to be determined by the trier of fact. 48 Kan. App. 2d at 631.

Applying the law to the facts of this case, the statute of limitations began to run when Morris first ascertained there was a defective transmission in the tractor sold by KanEquip. For its part, KanEquip argues the actionable injury occurred on the purchase date, August 19, 2010, because KanEquip would have been negligent in selling Morris a defectively manufactured tractor and all of the elements of the negligence claim were established on that date. However, under *Michaelis*, the statute of limitations would not begin to run until there is both a substantial injury *and* the injury was reasonably ascertainable by Morris. As a result, the critical question is whether the fact that the tractor was defective was reasonably ascertainable on August 19, 2010 (when the tractor was purchased), or on November 28, 2016 (when Morris discovered the manufacturer never installed the bushings), or at some date in between.

The undisputed material facts indicate that Morris had not experienced any problems linked to his transmission until July 2016 at the earliest. When the tractor definitely began experiencing transmission problems in November 2016, Morris sought out KanEquip which discovered the missing bushings and disclosed the defect in writing to Morris on or about November 28, 2016. On that date, Morris had reason to suspect a negligent act may have occurred and that he had suffered an injury caused by the seller and/or manufacturer. Under these circumstances, the injury was not reasonably

8

ascertainable until sometime in July 2016, at the earliest, and on November 28, 2016, at the latest.

Under either factual scenario, given that the negligence claim was filed on August 1, 2017, by operation of K.S.A. 60-513(b) the claim was not barred by the two-year statute of limitations provided in K.S.A. 60-513(a)(4). We are persuaded that the district court made an error of law in concluding that the tolling period provided for in K.S.A. 60-513(b) was not applicable to the uncontroverted material facts relevant to the statute of limitations issue. Resolving all facts and inferences which may reasonably be drawn from the evidence in favor of Morris, we hold the district court erred in granting summary judgment on the negligence claim in favor of KanEquip based on statute of limitations grounds. The judgment is reversed and the negligence claim is remanded to the district court for further proceedings.

Finally, for the sake of clarity, we note that KanEquip also sought summary judgment on the negligence claim because it was barred by the economic loss doctrine. As noted earlier, the district court did not rule on that basis and we have not reviewed the merits of that argument or made a ruling expressing our opinion on the validity of that particular defense.

THE CONTRACT CLAIM

In ruling in favor of KanEquip's statute of limitations argument relating to the breach of contract claim set forth in Count Two, the district court found that the contract claim was "barred by both the four-year statute of limitations covering contracts in sales, set forth in K.S.A. 84-2-725, which lapsed on August 19, 2014, and the five-year statute of limitations for contracts in writing under K.S.A. 60-511(1), which lapsed on August 19, 2015." In making this ruling, the district court found the contract at issue was the sales contract for the new tractor which the parties entered into on August 19, 2010.

9

On appeal, Morris concedes that the statute of limitations "would apply to the contracts entered into [in] 2010 but would not apply to the contractual agreements entered into for repairs or lack of repairs in 2016." In particular, Morris asserts he took the tractor in for repairs in 2016 and KanEquip kept the tractor in the shop for nearly eight months. Morris asserts but does not explain how this eighth-month period falls within the statute of limitations.

In response, KanEquip argues that Morris has failed to even identify the contract at issue or the breach which he alleges caused the injury. The dealership also quotes the district judge at the hearing as stating, "When looking at the contract claim, I don't—no contract was identified by [Morris]."

Morris candidly concedes that his petition claiming damages for breach of the sales contract was filed beyond the four-year limitations period provided under K.S.A. 84-2-725(1) for sales contracts, in particular, and the five-year limitations period provided in K.S.A.60-511(1) for written contracts, generally.

On appeal, Morris is focused on the claimed tractor repair contracts between him and KanEquip that occurred in 2016. But Morris has not identified any particular repair contracts at issue and the district court was unable to discern any. Although the record contains the original purchase agreement for the sale of the tractor in 2010, it does not contain any written contracts between Morris and KanEquip regarding subsequent repairs. Generally, the appellant has a duty to furnish a complete record on all matters seeking review. "As the party alleging error, [appellant] must furnish a record that supports the claimed mistakes. Thus, '[w]hen there are blanks in that record, appellate courts do not fill them in by making assumptions favoring the party claiming error in the district court.' [Citations omitted.]" *Moore v. Moore*, 56 Kan. App. 2d 301, 320, 429 P.3d 607 (2018), *rev. denied* 309 Kan. 1348 (2019).

10

Our reading of Morris' petition makes clear that he was seeking damages for breach of the sales contract executed on August 19, 2010. On appeal, he concedes that the applicable statutes of limitations bar this claim. His later contractual claims for subsequent repairs to the tractor are not identified, briefed on appeal, or supported in the record. Under these circumstances, the district court did not err in granting summary judgment to KanEquip on the breach of contract claim. The district court's order of summary judgment for KanEquip on Morris' claim for breach of contract is affirmed.

Affirmed in part, reversed in part, and case is remanded with directions.